Good morning, my name is George Fisher. I represent the plaintiff in this case. My main concern in bringing argument to you this morning is the fact that Magistrate Judge Hogan failed to give us a concise statement of facts that stated a basis for his decision that the settlement and release agreement between my client and the City of Medford was severable. And that on the basis of that decision, he thereupon used that reasoning to dismiss each and every one of the remaining claims brought by the plaintiff. My concern about the severability component was that he did say that he looked at the record. Now, I need to back up. I think it was a slip of the tongue. There was a Magistrate Judge Coffin and there's District Judge Hogan. And are you objecting to the lack of reasoning in Magistrate Judge Coffin's report and recommendation? Or are you objecting to what District Judge Hogan did or didn't do? I misspoke, Your Honor. Yeah, I'm sure it was a slip of the tongue. This is Judge Coffin's decision and subsequently Judge Hogan's adoption. Yeah, okay. And you're arguing that the R&R of Magistrate Judge Coffin is insufficient? Is that the argument? I'm sorry, Your Honor. I'm just trying to get back into the argument. You're objecting that certain reasons were or were not given. And I think you're objecting that it was Magistrate Judge Coffin whose reasoning is insufficient. Is that correct? Correct. Okay. I didn't mean to interrupt, but I was getting tangled as to who we were. Okay. Okay. We believe that the agreement was not severable in the manner that Judge Coffin found and felt that the case law was sufficient to demonstrate that it was indeed an integrated contract and that the subsequent application of his decision was, therefore, misapplied to the dismissal of all the other claims. The facts in this case have simply not been examined. And I would cite to the Court the earlier evaluation by my client's previous or initial city manager who looked into the same facts and occurrences for which Mr. Curtis was terminating. What evidence in the record is there demonstrating that your client is or is not an at-will employee? By a policy and practice set forth by the city, the employee manual clearly states a at-will disclaimer. There's no doubt about that. But in the same document, it allows that a party who has satisfied the initial term of employment does have a right to a hearing upon an episode of dismissal. Secondly, when Mr. Curtis filed or was in his interview, as it may be, at the time he was terminated, he was shown a letter of intent for termination and a right to hearing unless he signed the settlement and release agreement. So by the practice of the city affording him, even in his own personal process of termination, the possible hearing of his opportunity for a hearing in the event that he was a candidate for termination, plus the language in the employment agreement itself, it obviates any argument that at-will is the sole basis for definition of his status as an employee. The facts I was talking about are important. I think that we don't know how the judge decided why the facts were not invidious. Which facts was he talking about? If I had to speculate, which is all I can do, he was reacting to the facts of the events of this six-hour interrogation that my client underwent late on a Friday afternoon and late Friday night to answer the charges against him, even as he was brought to the city hall told that it was going to be a short and basically a formality in the defense of his employment by the city. The issues that were the basis for the actual determination are also an issue as a matter in question of fact. And to that I'm referring to, I started about that earlier, was that his previous city manager had heard these same incidences and cleared Mr. Curtis of any responsibility for them. And that was only a matter of months, less than a half a year, before he was summoned again to the city hall by a new city manager and subject to an outside contractor interrogator who brought those same issues up to him. Because he had already discussed them with city officials earlier and had admitted certain factors to some of the incidences but was cleared of them, my client spoke very candidly about what that process was. And yet was told by the interrogator that he was now subject to possible criminal charges and that they were going to be and were indeed the basis for his termination. And this again was in a situation where he was told he had to first write a statement, which he claims was under duress. The judge did not, we don't know what the judge thought. He was suitably defined as being under stress or not. He was then told he had to read it into an audio tape and be told that with the help of human resources officials and the city manager both present in the room, and then making a decision at that point to craft a settlement and release agreement and told that he either had to sign this or be fired. And that he had to make that decision that night, by then close to 10 p.m. He asked to see a lawyer. That is a question of fact whether he said that or not. We don't know that. And the judge acknowledges the question of presence of an attorney could in a very limited component of the separation and release agreement allow the enforcement of the agreement. And so I come full circle back to the enforceability to all the clauses of the separation and release agreement and argue that it should not be enforced and that the balance of his claim should be reinstated. I would like to reserve the balance of my time. Thank you. If it please the Court, Janet Schraer, appearing on behalf of the defendants, City of Redmond, and City Manager Patterson. The point that came up about who made this decision is an important one. It's the district judge who made the decision. I noticed even on the little thing they gave us today when we checked in, it says that Magistrate Cawthon made the decision, and that's not the case. There was no consent to the magistrate deciding the case. Right. After the magistrate's decision was written, there was an appeal of that, and there was briefing about the, you know, criticisms that plaintiff had of the magistrate's decision dismissing the case. And the primary arguments that plaintiff appellant is here before you with today about the divisibility or severability of this agreement were never made to the district judge who made the ultimate decision in this case. So my first argument is that decision needs to stick, and the divisibility argument the plaintiff counsel is now making ought not be considered by this court because it wasn't made below, and the record could have been developed differently had it been made. Isn't this a standard way to get rid of an employee that you're about to fire? I've never heard of a procedure like this. I don't know if it's a standard way. Have you ever heard of anything like this before? Yeah, I have. Me bringing in someone to interview them. Yeah, on a Friday night and sort of giving them, as it were, the civil equivalent of a third degree until 10 o'clock on a Friday night. I mean, I've never heard of this. That is a way, and there's companies who do that sort of thing. And they do it sort of start on Friday afternoon and keep them until 10 o'clock at night and say you're going to get criminally charged and you're going to get fired unless you sign this? This is the way this occurred. The record reflects what occurred, and the district judge and magistrate found that the circumstances of the resignation that the plaintiff provided, which is really the only thing that's important here today. We're not arguing about the release. It's did the plaintiff knowingly and voluntarily resign, and under the circumstances they found that he understood the consequences and that is what he wished to do. Even if that were not the case, even if the plaintiff was successful in getting you to agree that not only should the release be invalidated, that the resignation was not effective or was not voluntarily given. Nonetheless, on this record, the summary judgment must be affirmed because on the merits of the claims there isn't, the plaintiff hasn't stated a claim. It hasn't stated a claim because? I mean, you said even if all of them hadn't stated a claim, why hasn't the plaintiff stated a claim? This employee was an Atwell employee, and so he has a number of claims. First of all, let's talk about the contract claim. So set aside the constitutional claims. The contract claim goes under the employment contract, and under ER 228, the employment contract itself under the section called employment relationship says this employee handbook is not an employment contract. He acknowledges that, but he argues, the counsel for Mr. Curtis argues that he is at will, but as a matter of policy and practice, he would have been entitled to at least a hearing before he was thrown out, and that somewhat comes back to I think what Judge Fletcher was raising is the process that was used here. He is essentially put in a situation where he's giving up a practice which would have allowed him to bring out his issues, have a hearing on it, rather than getting confronted in an interrogation situation. So my first, my basic question is, do you agree that in the handbook and as a matter of practice there is a practice of allowing a hearing even for an Atwell employee? Atwill employees are not, the city is not required to give them a hearing. That's actually not the question. That's not Judge Fletcher's question. I agree. The question is, I mean, it's absolutely clear. Are you saying that as a matter of practice it's not done? The counsel's assertion that as a matter of practice, even if you are an Atwill employee, you get some process hearing. I don't believe there's any record about what the actual practice is. I will say the plaintiff correctly states that the employee handbook says that employees who have passed their trial service will be entitled to due process of law prior to being terminated. However, that's in the context of a clause that clearly and specifically states all employees are Atwill employees even when they are past their trial service. Yeah, but let me, it's not only his argument. The magistrate judge says at ER 26, he said defendants argued that he was not entitled to a pre-termination hearing due to his status as an Atwill employee, although they concede that he would likely have received one in any event. That's true. Okay. So you're trying to preserve that he's an Atwill employee. But my question, clarified by Judge Breyer, is would he in the normal course have been given a hearing? There's a letter in this record. Is the answer yes or no? It doesn't matter practice. I don't believe, I don't know what the practice is. Well, why did, why did, were you representing him before the magistrate judge? I personally wasn't. And I'll tell you why. Well, okay. Somebody from your side said that he would likely have received one. What did they base that on? That's what I was going to say. There's a letter in the record that reflects that had he not resigned, that there would have been a termination session later the next week, or Monday the next week. And there was a letter that was dated in the future, I believe, that said he was going to have such an opportunity. So there's evidence that you're saying there's, you would agree with counsel, that there's some evidence in the record that would suggest that he would be able to get a hearing. Absolutely. There's evidence in the record and that he didn't have that. But it doesn't matter because under the case of Lawson v. Umatilla County, which is out of this court, this court recognized that even in the face of an employee handbook that provides you guys. Not the employee handbook. Not the employee handbook. Let's just say in Redmond, everybody got a hearing. At will, not at will. They all got hearings. That's the way it was done. There was something in a handbook that said we don't have to do it. But let's say it's always done. That's the way it's done. If the evidence is that, if the evidence is that it's done, isn't that something? And it's conceded that it's done. Isn't that, that evidence isn't challenged. Isn't that evidence in the record that, that somehow he might be treated other than as an at will, as we understand an at will employee, to be treated? And it's counsel's argument that this, this was rather summarily dismissed in the court below. Wasn't really addressed. It doesn't make any difference under the Lawson case. Because under the Lawson case, it looks to Oregon law. Oregon law provides that even in light of and when there are policies and procedures that permit a hearing, a due process sort of a hearing, if there's an at will disclaimer in the employee handbook, that that is what prevails and they're an at will employee. And that then obviates any due process claim because you don't have a due process right to a hearing if you don't have a property interest. But you were talking under the contract heading. Excuse me? You were talking, you asked us to look at the contract. You didn't, first of all, start out with the constitutional issue. No, no. You said. I'm talking about the due process. You know, you'll do a lot better, counsel, if you let us finish our question. Some of us are long winded, but we're trying to make sure that the context is there. Okay. So you started off arguing, let's look at the contract. And that's what we have been talking about. And I'm trying to understand as a matter of contract that if the city has a policy, which is incorporated in its handbook, along with the disclaimer of there being anything other than at will, that has a contract that says before you are terminated, you'll be given a hearing. And that concession was made, whether it was based on a letter or whatever, before the magistrate judge. So the question that I'm trying to get at is, was he deprived of something as a matter of contract that he has a claim to on the issues before us? I believe the answer is no. Okay. So you say that Lawson tells us it doesn't matter. And the Gilbert case and the Tektronix case. And how do they explain that it doesn't matter? It doesn't matter because when you have the at will disclaimer in the employment contract, when they are an at will employee, whether it's by statute or by contract, that provisions for due process, for just cause, any other kind of provision are essentially optional for the employee. They are nonetheless an at will employee. That is the overriding factor. Was, excuse me, was Lawson a contract case or a constitutional due process case? It was a constitutional due process case. He was talking about whether he had a property right. I'm asking you to stay with the contract. Why are you walking away from the contract? Anyway, he can make a claim under contract as well as due process, can he not? Yes. Okay. So what's your answer on contract? What case says, Oregon case says as a matter of contract, that he isn't entitled to the hearing that is a matter of practice they give everybody? That is the Gilbert case. Okay. Gilbert versus Tektronix and Mobley versus Mannheim, which are two Oregon cases that are cited in our brief. And they discuss that. And then Lawson took that, the Ninth Circuit took that in the constitutional context to say because there's no property right because he's an Oregon lawyer. That's fine. That's fine. I understand no property right. I understand that. We'll understand the constitutional issues. The contract. Okay. That's what we're focused on. That's where you started this on. That's why I don't. So you say Gilbert and what's the other case? And the other case is Mobley versus Mannheim. Okay. And I would like to also state that Judge Pregerson dissented in the Lawson case, the Ninth Circuit case, and he expressed some of the concerns that you're expressing and his dissatisfaction with that. But nonetheless, he was the minority. That's fine. We know how to read our cases. You don't need to prolong it. I just want to know what cases you're relying on. Could you help me out here? I'm trying to find in the employee handbook the reference to hearing. Could you direct me to that? Yes. ER 228. I'm on that page. Where does it talk about hearing on that page? Section 3.0, about two-thirds of the way down, where it starts out employees who have passed their trial service period. One, two, three. Will be entitled and provided full due process of the law prior to being terminated. Yes. It doesn't say hearing. No. It just says due process, whatever that might mean. Sometimes due process includes hearing and sometimes it doesn't. So, okay, so that sentence, I mean, I was looking at that sentence, so that's the only thing from which we may infer, even in the handbook, that there's a hearing. Correct. And then there's the letter that suggested he might have had some kind of a process had he not resigned. One thing I want to highlight that is in our briefs, that we briefed below that the district judge did not decide on directly, is the Monell type of liability for the city. We don't believe that they have proven the policy and custom and policy that's required in order to demonstrate city liability. Well, who made the decision at the city level? Excuse me? Who made the decision at the city level to do this? I'm not sure the record reflects who made the decision to do this. Our point on the due process. Well, if the record doesn't reflect it, you may have trouble because there are various ways to get Monell liability against an employing municipality. One is to show customer practice in the sense that it's done all the time, and so on. And the other one is to show that the policymaking official, who would be a city manager, actually made the decision. That's going to get Monell liability. Well, they're trying to say that we violated the city policy. I mean, their first argument is we violated the city policy because the policy was to give them a hearing. And Monell is just the opposite. It would protect if they only had a policy which violated the Constitution. They're saying our policy was in compliance with the Constitution. So the city ought to be protected based on the policy and custom argument here. I also wanted to say about the qualified immunity part. Again, the district judge did not have to analyze the qualified immunity. Our arguments in our briefs, I understand, are way over my time. I don't want to go into that. But Mr. Patterson is entitled to qualified immunity here, because even if plaintiff can show a constitutional violation, there is no clearly established right. And as you know, the Supreme Court has held that all but the clearly incompetent are protected by qualified immunity. We have here a resignation. We have an at-will employment agreement. District judge found our way. Magistrate found our way. It can't be deemed anything other than something other than a clearly established right. So for that reason, the constitutional claims against Patterson should be dismissed. Okay, thank you. You've saved some time. I was a little bit puzzled by counsel's comments about what was decided and what was not decided below. The decisions, as I understand them, were quite clearly a full adoption of the magistrate's findings by the district court. And the fact was that this contract was severable, and that was what was adopted. And I think, therefore, my arguments and my briefs and my comments earlier would still apply. And like I said, I don't understand where the confusion is. I think her point was that when you took it up from the magistrate judge to Judge Hogan, you had the opportunity to challenge the severability issue, and you didn't. In other words, was Judge Hogan given the argument that you made as to why it should, why the magistrate judge erred in that respect? That's why I'm puzzled by the confusion, because the initial decision about severability was not briefed by either party at summary judgment. This was an argument developed by the magistrate. Yes. And, therefore, I understand that. Yes, but Judge Hogan, just the way it works is I understand. The magistrate judge enters an order of findings, reporting recommendations. It goes to the district judge. That's what happened, correct? Correct. Okay, did you object to what the magistrate judge said about severability so that Judge Hogan, as the district judge, could decide whether or not the magistrate judge was correct or not? Yes. In my brief, I did not do an expansive analysis of the severability or non-severability of the agreement, but I did write specifically in my reply document to the district court judge that the court was improperly separating the two components, the release component and enforcing the other, as opposed to, pardon me, enforcing the release component, but not the other component for which we're arguing about here. And so I would argue that we did have a specific reference to it. Can I stop you there for just a minute? When you said in your reply to the district judge, are you talking about what you did after Judge Hogan then entered his adoption? Yes, those would be in the pleadings that were submitted to the district court judge. Okay. All right. So do I understand the path it took? First, you're in front of a magistrate. Well, first the case is filed in front of a district court judge who's referred to a magistrate for a report and recommendation. The magistrate makes his findings, his report and recommendation, and then goes to the district judge. And the district judge then adopts the magistrate judge's findings, right? That's correct. Okay. Now, in the process between the time that the magistrate judge makes his report and recommendation and the district judge enters his findings, you then submitted briefs, right? Correct. And it's your point that the question of the severability of the improper conclusion, or in your view it was an improper conclusion reached by the magistrate judge, was addressed in your reply to what your opponent said in connection with whether Judge Hogan should adopt or otherwise change the magistrate judge's opinion. And you raise it in your reply, you said. That's my understanding of the road map, yes, Your Honor. I just asked whether it was after Judge Hogan had ruled, and you said yes. So do you have record sites to where we could find what and when you filed? Yes, I did. That would be in the ‑‑ I don't know whether it was placed in the excerpt of the record, but it would be a court record, and it would be the reply filed with the court to Judge Hogan. All right. This is a logistical question. Where is Judge Coffin, where are his chambers, or where does he do hearings? Does he do them in Redmond? Does he do them in the mountains, or do you have to come to Eugene for ‑‑ We'll have to travel to Eugene, yes. Okay. Okay, thank you very much. Thank you, Your Honor. Thank both sides for their argument. The case of Curtis v. City of Redmond is now submitted for decision. The next case listed on the calendar has been taken off calendar. That's Zellner v. Forest Grove School District. The next case listed, Clemente v. Oregon Department of Corrections, has also been taken off the calendar. The next case on the argument calendar is Stone v. Astro.
judges: Fletcher, Fisher, Breyer